IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02051-MEH

DANIELLE FRYE, parent of JA (minor child) and JO (minor child),

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5, its Cimarron Elementary School, and
DIANA ROYBAL, in her official capacity as Principal,

    Defendants.

---

**MINUTE ORDER**
---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 9, 2014.**

    Before the Court is a letter to the Court signed by Plaintiff [filed September 8, 2014; docket #19]. To the extent this letter can be construed as a motion to reopen the case, it is **denied** because it fails to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.

Plaintiff is a represented party, and, therefore, her attorney must sign every "pleading, written motion, and other paper." Plaintiff suggests that she is no longer represented by counsel; however, her attorney has not notified the Court that he has withdrawn representation. Furthermore, Plaintiff explains that she seeks to reopen the case in order to "find ethical representation." The Court does not have the authority to grant this request. Allegations of attorney misconduct or ethical violations are considered by the Colorado Supreme Court Attorney Regulation Counsel.

    Because this action was dismissed without prejudice, Plaintiff is not precluded from bringing her original claims in a new action. *See E.E.O.C. v. W.H. Bram, Inc.*, 347 F.3d 1192, 1201 (10th Cir. 2003) ("Where a case is voluntarily dismissed without prejudice, the dismissal 'leaves the parties as though the action had never been brought.'") (citing *Brown v. Hartshorne Public School Dist.*, 926 F. 2d 959, 961 (10th Cir. 1991)). Additionally, the complaint (docket #1) indicates that the events giving rise to her 42 U.S.C. § 1983 claim occurred in early 2014. *See Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994) (affirming application of Colorado's two-year statute of limitations to a § 1983 claim).